UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

DUNKIN' DONUTS FRANCHISED RESTAURANTS,
LLC, et al.,

                                  ORDER

                                  CV 07-2446 (CBA)(MDG)

               Plaintiffs,

   - against -

1700 CHURCH AVENUE CORP., et al.,

               Defendants.

- - - - - - - - - - - - - - - - - - -X

    By letter motion filed on April 7, 2008, defendants seek to compel responses to requests for documents that they served on plaintiffs by mail on March 11, 2008. See ct. doc. 15. Plaintiffs oppose production on grounds that the requests are untimely and are overly broad and burdensome. See ct. docs. 16. Plaintiffs subsequently moved for a protective order to prevent a deposition sought by defendants in a notice of deposition of a witness designated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Ct. doc. 19.

## DISCUSSION

### Document Requests

    As plaintiffs correctly observe, because this Court originally set a discovery deadline of March 31, 2008, defendants should have served their requests for documents at least 30 days

before the close of discovery.  <u>See</u> Fed. R. Civ. P. 34(b) (written response due 30 days after service of a document request).  When this Court discussed an extension of the discovery deadline at a conference on April 1, 2008, defendants did not mention the document requests.  Contrary to defendants' contention, this Court extended the deadline solely to conduct the deposition of Mr. Hohmann and any follow-up discovery relating to that deposition.  Thus, defendants did not timely serve the requests.

In any event, this Court finds that defendants are not entitled to the discovery sought.  Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and, upon a showing of "good cause," to have a court "order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).  Information is relevant and discoverable so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence."  <u>Id.</u>  In discussing the 2000 amendment to Rule 26(b)(1) which narrowed the scope of discovery, the Advisory Committee noted that "[t]he rule change signals to the court that it has authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the

pleadings." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments. When broader discovery is sought, the Court should determine the scope "according to the reasonable needs of the action, ... depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." Id.

The plaintiffs' claims in this action concern the defendants' alleged breach of various franchise agreements and defendants' continued use of plaintiffs' trademarks following termination of the agreements by plaintiffs. The defendants have raised in various affirmative defenses and one counterclaim essentially that the claimed violations are both technical and de minimis and that the plaintiffs terminated the agreement in "bad faith." See Answer (ct. doc. 4) at ¶¶ 21, 25, 26, 29-31. In their application, defendants argue that they seek responses to a "simple document request" to prove that "plaintiff Dunkin' Donuts is a public company taken private by several hedge funds with the intent of going public again once it raises revenue and squeezes out some of the small franchises." Ct. doc. 15 at 1.

Plaintiffs are correct that courts have found that a franchisor's ulterior motive for termination is not relevant to the determination whether termination of a license is proper. See, e.g., Major Oldsmobile, Inc. v. General Motors Corp., No. 93 Civ. 2189, 1995 WL 326475, at *8 (S.D.N.Y. May 31, 1995) (citing cases), aff'd, 101 F.3d 684 (2d Cir. 1996); Refinement Int'l Co.

v. Eastbourne N.V., 815 F. Supp. 738, 742 (S.D.N.Y. 1993), aff'd on other grounds, 25 F.3d 105 (2d Cir. 1995).  Nonetheless, the defendants would ordinarily be entitled to conduct discovery to support their defense of bad faith.  However, they have not articulated the basis for this and other defenses[1] to enable the Court to determine the relevance of the discovery sought to the actual defense.  Contrary to defendants' claim that their document requests are "simple," they seek very broad discovery.  Besides seeking documents relating to plaintiffs' "internal business plan [] to maximize earnings once the company became private," defendants also seek plaintiffs' "plan to maximize earnings, revenue, and to go public in the future."  See ct. doc. 21 at 8.  Absent explanation, it is not clear how the business plans of plaintiffs have bearing on the issue whether they acted in good faith in their dealings with the defendants.  That plaintiffs, defendants or any other business entity may be interested in making profits is hardly surprising, whether or not an entity was acquired by hedge funds interested in a future sale

---

[1] Defendants also generally allege violation of section 349 of the New York General Business Law, "Federal franchise rules and rgulations, [sic] as well as New York State franchise rules and regulations."  Answer at ¶ 26.  Defendants have not alleged nor otherwise explained how the plaintiffs' conduct is directed at consumers sufficient to allege a violation of section 349. See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 24 (1995).  Defendants also have not identified the provisions of state and federal franchise laws that plaintiffs have violated.  This Court is not aware of any relevant federal or state law specifically governing the franchisor-franchisee relationship beyond pre-sale disclosure and registration.

of the entity.  No party has an automatic right to seek discovery of the financial plans and documents of an adversary, simply because they are engaged in a commercial dispute.

Deposition

Plaintiffs seek a protective order to prevent the deposition pursuant to Rule 30(b)(6) of a knowledgeable employee of plaintiffs sought by defendants in a notice of deposition dated April 14, 2008.  Because, as discussed above, the Court extended the discovery deadline on April 1, 2008 solely for the deposition of Mr. Hohmann, the notice is untimely and defendants have not made a proper request for an extension showing good cause.

Notwithstanding the ruling above that the requests for documents is untimely, this Court finds that permitting a limited Rule 30(b)(6) deposition would promote the "speedy, just and inexpensive determination of this action."  Fed. R. Civ. P. 1. For the same reason that this Court extended discovery to permit the deposition of Mr. Hohmann to proceed, this Court will extend discovery to permit the deposition.  At the April 1st conference, counsel for defendants stated that he had sought deposition of a Mr. Merriman whose name appeared in certain e-mails and whose deposition had been delayed to March 26, 2008.  Defendants sought another deposition because Mr. Merriman had no recollection of the communications at issue.  Defendants may face the same situation with Mr. Hohmann.  While the wiser course for defendants would have been to serve a deposition pursuant to Rule

30(b)(6) in the first place, it makes little sense not to permit one now.

However, the notice of deposition is too broad and covers issues not relevant to the claims and defenses in this case. The deposition is limited to the topic regarding the plaintiffs' "decision to terminate the defendants."

## CONCLUSION

For the foregoing reasons, the defendants' motion to compel is denied and the plaintiffs' motion is denied to the extent set forth above.

Since counsel for defendants mentions that he may not be available to conduct depositions because of Passover observances, this Court extends discovery to May 15, 2008 and adjourns the next conference to May 16, 2008 at 10:00 a.m.

**SO ORDERED.**

Dated:     Brooklyn, New York
          April 23, 2008

                                        /s/
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE