```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - - -X

DUNKIN' DONUTS FRANCHISED RESTAURANTS,
LLC, et al.,

                                       ORDER

                     Plaintiffs,    CV 07-2446 (CBA)(MDG)

     - against -

1700 CHURCH AVENUE CORP., et al.,

                   Defendants.

- - - - - - - - - - - - - - - - - - -X

    By letter motion filed on April 23, 2008, defendants seek to enforce a subpoena that they served on non-party The Carlyle Group on April 14, 2008 requesting documents and testimony on April 23, 2008.  See ct. doc. 22.  The Carlyle Group opposes production on grounds that the requests are untimely, irrelevant and fail to allow a reasonable time to respond.  See ct. doc. 23.

## DISCUSSION

    As discussed in an order dated April 23, 2008 (ct. doc. 24) (the "April 23 Order"), discovery closed in this case on March 31, 2008.  At a conference on April 1, 2008, I extended the deadline to April 30, 2008 solely to conduct the deposition of Mr. Hohmann and any follow-up discovery relating to that deposition.  Despite the untimeliness of defendants' notice of deposition, I further extended the discovery deadline to May 15, 2008 to permit defendants to take a Rule 30(b)(6) deposition of a

knowledgeable employee of plaintiffs limited to the topic of the plaintiffs' "decision to terminate the defendants." Id. at 6.

A party seeking an extension of a scheduling order must demonstrate diligence and otherwise demonstrate good cause. Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000). The defendants apparently mistakenly assume that this Court extended the discovery deadline to April 30, 2008 for all purposes. However, as is clear from the transcript of the April 1, 2008 conference attached to plaintiffs' motion for a protective order filed on April 17, 2008, the discovery extension to April 30, 2008 was limited to the Hohmann deposition. See ct. doc. 19-3 at 5-6. The subpoena served on The Carlyle Group is thus untimely and defendants have not established good cause for an extension. Nor could they show good cause. "When a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." McNerney v. Archer Daniels Midland Company, 164 F.R.D. 584, 588 (W.D.N.Y. 1995).

In addition, the instant motion to compel does not include the rider annexed to the subpoena served on The Carlyle Group setting forth the subject matter of the documents and testimony sought. Nonetheless, it appears from defendants' letter motion that defendants seek the same type of information that I ruled was irrelevant in the April 23 Order, to wit, information

concerning a strategy for taking plaintiffs public again.  <u>See</u>
ct. doc. 22 at 1.  Defendants again fail to demonstrate the
relevance of such information to its claims or defenses.

<u>CONCLUSION</u>

For the foregoing reasons, the defendants' motion to compel is denied.

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 24, 2008

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE